## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**MICHAEL L. COOK,**

                        **CASE NO. 2:20-CV-3639**

     **Petitioner,**          **JUDGE SARAH D. MORRISON**

                        **Magistrate Judge Kimberly A. Jolson**

     **v.**

**WARDEN, NOBLE**
**CORRECTIONAL INSTITUTION,**

     **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 1). Upon consideration, the Court finds the Motion to be meritorious, and therefore, it is **GRANTED**.

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." If it does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, these are the circumstances here. It is therefore **RECOMMENDED** that this action be **DISMISSED.**

# I. BACKGROUND

Petitioner challenges his convictions after a jury trial in the Gallia County Court of Common Pleas on possession of heroin and cocaine, trafficking in heroin, and tampering with evidence. On October 9, 2018, the trial court imposed an aggregate sentence of six years of incarceration. Petitioner timely appealed, asserting that the evidence was constitutionally insufficient to sustain his conviction on tampering with evidence, and that the trial court determined an essential element of the offense thereby invading the province of the jury. Petitioner partially won. The state appellate court sustained Petitioner's claim of insufficiency of the evidence and reversed his conviction on tampering with evidence, vacating his sentence on that offense and reducing his sentence by 36 months; but the state appellate court overruled the second assignment of error. *State v. Cook*, 4th Dist. No. 18CA11, 2019 WL 6137560 (Ohio Ct. App. Nov. 7, 2019). Petitioner sought review from the Supreme Court of Ohio, but that request was denied. *State v. Cook*, 158 Ohio St.3d 1422 (Ohio 2020).

Next, Petitioner filed this pro se habeas corpus petition. He asserts, as his sole ground for relief, that the trial court improperly determined an essential element of the offense, invading the province of the jury. But the record shows that Petitioner has waived this claim for review in these proceedings.

# II. PROCEDURAL DEFAULT

## A. Standard

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction

between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If the prisoner fails to do so, but still has an avenue open to present the claims, then the petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). A petitioner who fails to do this faces consequences. Relevant here, if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (holding that "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case—that is, they are "procedurally defaulted").

To determine whether procedural default bars a habeas petitioner's claim, courts in the Sixth Circuit engage in a four-part test. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986);

*see also Scuba v. Brigano*, 259 F. App'x 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*).  "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule."  *Maupin*, 785 F.2d at 138.  "Second, the court must determine whether the state courts actually enforced the state procedural sanction."  *Id*. (collecting cases).  "Third, the court must decide whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim."  *Id*.  Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes: (1) cause sufficient to excuse the default and (2) that he or she was actually prejudiced by the alleged constitutional error.  *Id*.

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Constitutionally ineffective counsel may constitute cause to excuse a procedural default.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).  In order to constitute cause, an ineffective assistance of counsel claim generally must "'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'"  *Edwards*, 529 U.S. at 452 (quoting *Murray,* 477 U.S. at 479).  That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted."  *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005).  Or, if procedurally defaulted, the petitioner must be able to "satisfy the 'cause and

4

prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards,* 529 U.S. at 450–51.

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on the merits unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray*, 477 U.S. at 495–96).

A federal district court may *sua sponte* raise the issue of procedural default where it provides the Petitioner with an opportunity to respond by the filing of objections. *See Hunt v. Gray*, No. 2:19-cv-4465, 2019 WL 5310230, at *4 (S.D. Ohio Oct. 21, 2019) (citations omitted); *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005); *Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002).

**B. Application**

At trial, Petitioner failed to object to the trial court's statement that he now argues was constitutionally infirm. Given this, the state appellate court reviewed his claim for plain error only:

{¶26} In his second assignment of error, Appellant contends the trial court erred by determining an essential element of an offense, thus invading the province of the jury. Specifically, Appellant contends that the trial court determined that the bag tossed by Appellant contained heroin and then communicated that determination to the jury before their deliberations. Appellant suggests the trial court's statement was tantamount to an instruction that the jury must find that the bag contained heroin, which was an essential element of the offenses of possession and trafficking of heroin. The State argues this assignment of error should be overruled because Appellant failed to object to the trial judge's statement and, in any event, never contested that the bag contained heroin at trial. The State's arguments are compelling. Appellant failed to object at trial, thereby waiving anything but plain error, which he has not shown. Appellant has not shown that he was prejudiced by

the trial judge's statement. Accordingly, his second assignment of error is overruled.

STANDARD OF REVIEW

{¶27} When "determining whether a trial judge's remarks were prejudicial, the courts will adhere to the following rules: (1) The burden of proof is placed upon the defendant to demonstrate prejudice, (2) it is presumed that the trial judge is in the best position to decide when a breach is committed and what corrective measures are called for, (3) the remarks are to be considered in light of the circumstances under which they are made, (4) consideration is to be given to their possible effect upon the jury, and (5) to their possible impairment of the effectiveness of counsel." *State v. Wade*, 53 Ohio St.2d 182, 188, 373 N.E.2d 1244, 1248–49, *cert. granted, judgment vacated on other grounds*, 438 U.S. 911, 98 S.Ct. 3138, 57 L.Ed.2d 1157 (1978).

{¶28} Here, the record also shows that Appellant did not object to the challenged statement by the trial judge when it was made. "The failure to object has been held to constitute a waiver of the error and to preclude its consideration upon appeal, for, absent an objection, the trial judge is denied an opportunity to give corrective instructions as to the error." *Id*. "Accordingly, any errors not brought to the attention of the trial court by objection or otherwise are waived and may not be raised on appeal unless they rise to the level of plain error." *State v. Swint*, 2018-Ohio-5384, ¶ 25.

{¶29} "To constitute plain error, a reviewing court must find (1) an error in the proceedings, (2) the error must be a plain, obvious or clear defect in the trial proceedings, and (3) the error must have affected 'substantial rights' (i.e., the trial court's error must have affected the trial's outcome)." *State v. Lewis, supra*, at ¶ 9; quoting *State v. Dickess*, 174 Ohio App.3d 658, 2008-Ohio-39, 884 N.E.2d 92, ¶ 31 (4th Dist.); citing *State v. Hill*, 92 Ohio St.3d 191, 749 N.E.2d 274 (2001), and *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). "Furthermore, notice of plain error must be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Lewis*, *supra*; citing *State v. Landrum*, 53 Ohio St.3d 107, 111, 559 N.E.2d 710 (1990), and *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. "A reviewing court should notice plain error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*.

LEGAL ANALYSIS

{¶30} Appellant's failure to show that he suffered prejudice as a result of the trial judge's statement undermines his assignment of error. Even accepting the argument that the statement constituted a de facto determination that the bag contained heroin, Appellant has not shown that there was any evidence from which the jury might

have inferred that the bag did not contain heroin. Instead, all of the evidence in the record supports only one finding—that the bag contained both heroin and cocaine.

{¶31} The State's first witness, Jacqueline Smith, was the chemical supervisor for the Ohio State Highway Patrol Crime Lab who analyzed the contents of the bag thrown by Appellant. She testified regarding the chain of custody for the bag and the steps taken by the lab to ensure that its contents were not contaminated. Ms. Smith further testified that the lab's analysis determined the bag contained 8.396 grams of heroin and .514 grams of cocaine. Appellant's trial counsel declined to cross-examine Ms. Smith regarding her testimony. The only other evidence regarding the contents of the bag was the trooper's testimony that, in his experience, its contents appeared consistent with heroin. Based on this evidence, the only reasonable conclusion the jury could have reached was that the bag contained heroin and cocaine. The trial judge's statement regarding the bag therefore did not affect the jury's consideration of this issue.

{¶32} Without a showing that the alleged error affected the trial's outcome, Appellant cannot establish plain error. Even if Appellant's failure to object did not require plain error analysis, he has not shown any prejudice caused by the trial judge's statement. For both of these reasons, Appellant's second assignment of error is overruled.

*State v. Cook*, 2019 WL 6137560, at *5–7.

In short, the state appellate court reviewed Petitioner's claim for plain error because his counsel had not contemporaneously objected at trial. Applying this standard, the court found no error. Importantly, the Sixth Circuit has held that "[w]hen a state appellate court reviews an issue for plain error," it "view[s] it as the state's enforcement of a procedural default." *Palmer v. Bagley*, 330 F. App'x 92, 101 (6th Cir. 2009); *see also Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Fetherolf v. Warden, Chillicothe Corr. Inst.*, No. 2:19-cv-00168, 2020 WL 193528, at *5 (S.D. Ohio Apr. 22, 2020). Because that is what happened here, Petitioner has committed a procedural default. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Fetherolf v. Warden, Chillicothe Corr. Inst.*, No. 2:19-cv-00168, 2020 WL 193528, at *5 (S.D. Ohio Apr. 22, 2020).

Additionally, the Sixth Circuit has held that Ohio's contemporaneous-objection rule—the rule the state appellate court applied here—constitutes an adequate and independent state ground

to preclude federal habeas review. *See, e.g.*, *Wogenstahl v. Mitchell*, 668 F.3d 307, 334–35 (6th Cir. 2012) (citation omitted), *cert. denied sub nom. Wogenstahl v. Robinson*, 568 U.S. 902 (2012); *Awkal v. Mitchell*, 613 F.3d 629, 648-49 (6th Cir. 2010), *cert. denied*, 562 U.S. 1183 (2011). And the state appellate court's plain error review does not constitute a waiver of the state's procedural default rules. *Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006), *cert. denied sub nom. Keith v. Houk*, 549 U.S. 1308 (2007). Further, any alternative ruling on the merits does not remove the procedural default. *See Conley v. Warden, Chillicothe Correctional Inst.*, 505 F. App'x 501, 506 (6th Cir. 2012) (citing *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989); *Coe v. Bell*, 161 F.3d 320, 330 (6th Cir. 1998)). Finally, the record does not reflect that Petitioner can establish cause for his procedural default. Consequently, Petitioner's claim is procedurally defaulted, and this Court may not reach the merits of the claim.

## III. RECOMMENDED DISPOSITION

It is therefore **RECOMMENDED** that this action be **DISMISSED.**

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date:  July 24, 2020                                                    /s/ Kimberly A. Jolson
                                                                                KIMBERLY A. JOLSON
                                                                                UNITED STATES MAGISTRATE JUDGE